UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-63175-MORENO
MAGISTRATE JUDGE REID

ADAM SCOTT CRAPO,

    Plaintiff,

v.

DAVIE POLICE DEPARTMENT, et al.,

    Defendants.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I. Introduction

Plaintiff, **Adam Scott Crapo,** a pre-trial detainee at the Broward County Jail, North Broward Bureau, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. [ECF No. 1]. This case has been referred to the Undersigned for Report and Recommendation pursuant to S.D. Fla. Admin. Order 2019-2. [ECF Nos. 2, 3].

Because Plaintiff is a prisoner and seeking to proceed *in forma pauperis* ("IFP") [ECF No. 7], his Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007).

The Court previously granted Plaintiff *in forma pauperis* status. [ECF No. 10].

However, upon further review, the Undersigned finds that Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g) because he has filed three or more actions in federal court that have been dismissed and count as "strikes" pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Undersigned has carefully reviewed the filings and is fully informed. Because Plaintiff is a "three-striker" and has not paid the statutory filing fee, the Undersigned **RECOMMENDS** that the Order granting Plaintiff leave to proceed IFP [ECF No. 10], be **VACATED**, Plaintiff's Complaint [ECF No. 1], be **DISMISSED WITHOUT PREJUDICE**, and the case **CLOSED**.

## II. Discussion

Plaintiff is a "three-strikes" litigant under 28 U.S.C. § 1915(g), which states as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits or appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (citation omitted); *see also Howard v. Kraus*, 642 F. App'x

940, 941 (11th Cir. 2016). The proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the three strikes provision, is to dismiss the complaint without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *See id*.

A review of Plaintiff's filing history reveals that he has brought at least three civil actions in federal court while in pretrial detention or incarceration which were dismissed and count as strikes pursuant to 28 U.S.C. § 1915(g). The Undersigned takes judicial notice of the four below "strikes" pursuant to Fed. R. Evid. 201. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

- *Crapo v. Broward Cty. Jail*, No. 15-cv-60179-ROSENBERG (S.D. Fla. Apr. 30, 2015) (dismissed pursuant to § 1915(e));

- *Crapo v. Agnellino*, No. 98-cv-00516-Conaboy (M.D. Penn. Apr. 28, 1998) (dismissed as frivolous pursuant to § 1915(e)(2)(B)(i));

- *Crapo v. Shaw*, No. 98-cv-00518-Conaboy (M.D. Penn. Apr. 28, 1998) (dismissed as frivolous pursuant to § 1915(e)(2)(B)(i)); and

- *Crapo v. McGuiness*, No. 98-cv-00517-Conaboy (M.D. Penn. Apr. 28, 1998) (dismissed as frivolous pursuant to § 1915(e)(2)(B)(i)).

While three of the above civil actions were consolidated and dismissed by a single order, separately filed civil actions that are consolidated after filing qualify as discreet strikes pursuant to the plain language of § 1915(g). *See* 28 U.S.C. § 1915(g)

("in no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions . . . brought an action . . . that was dismissed on the grounds that it frivolous, malicious, or fails to state a claim"); *see also See Palmer v. N.Y. State Dept. of Corr.*, 342 F. App'x 654, 655 (2d Cir. 2009); *see also Johnson v. Manhattan R. Co.*, 289 U.S. 479, 496-97 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause."). Here, Plaintiff accrued three strikes from the three Pennsylvania cases because he brought three separate civil actions, which were later consolidated, and those suits were dismissed as frivolous under § 1915(e)(2)(B)(i). *See Palmer*, 342 F. App'x at 655.

Because Plaintiff has filed at least three previously dismissed cases which qualify as strikes, Plaintiff may not proceed IFP in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception of § 1915(g). To plead the imminent danger exception, the Eleventh Circuit requires specific allegations of present imminent danger of serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1349-50 (11th Cir. 2004). Plaintiff does not allege that he is in imminent danger of serious physical injury, nor does he allege any facts supporting such an allegation. Thus, Plaintiff does not meet this exception and remains barred from proceeding *in forma pauperis*.

4

### III. Recommendations

Accordingly, it is **RECOMMENDED** that the Order granting Plaintiff IFP status [ECF No. 10], be **VACATED**, Plaintiff's Complaint [ECF No. 1], be **DISMISSED WITHOUT PREJUDICE**, and the case **CLOSED**.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of the such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 17th day of March 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   **Adam Scott Crapo**
      551900950
      Broward County Jail-NBB
      North Broward Bureau
      Inmate Mail/Parcels
      Post Office Box 407037
      Ft. Lauderdale, FL 33340
      *PRO SE*